**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **NAVBLAZER, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Case No. 6:20-cv-100-ADA |
| | § | |
| **MOTOROLA MOBILITY LLC,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**DEFENDANT MOTOROLA MOBILITY LLC'S MOTION TO DISMISS
UNDER RULE 12(B)(3) AND 12(B)(6)**

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................... 2

        A.      Nature And Stage Of The Proceedings .................................................. 2

        B.      Motorola Is A Delaware Corporation With No Regular, Established Place
                Of Business In This District .................................................................... 2

        C.      Other Than This Current Litigation Activity, NavBlazer Does Not Have
                Any Presence In Or Connection To Texas .............................................. 3

III.    LEGAL STANDARD ......................................................................................... 4

        A.      Venue Is Only Proper Where (1) The Defendant Resides Or (2) Has A
                Regular, Established Place Of Business And Has Committed Infringing Acts ........ 4

        B.      Venue Over Motorola Cannot Be Established By Imputing the Location Of
                Third Parties Without Collapsing The Corporate Form .......................... 4

        C.      To Survive A Motion to Dismiss Pursuant To Rule 12(b)(6), NavBlazer
                Must State a Plausible Claim for Relief .................................................. 5

IV.     ARGUMENT ...................................................................................................... 5

        A.      Venue Is Improper In This District Under Rule 12(b)(3) ....................... 5

                1.      Motorola Does Not Reside In This District ................................. 6

                2.      Motorola Does Not Have "Regular And Established" Places Of
                        Business In This District And Has Not Committed Infringing Acts
                        Here ............................................................................................ 6

                3.      Motorola's Employees Or Job Advertisements In Texas Cannot
                        Establish Venue In this District ................................................... 8

                4.      Whether Motorola Is A Subsidiary Of Lenovo Group Limited Is
                        Irrelevant .................................................................................... 8

        B.      Alternatively, This Action Should Be Transferred To the Northern District
                Of California ......................................................................................... 9

        C.      The Complaint Fails to State Plausible Claims of Induced Infringement ............. 10

                1.      Any Claim Of Pre-Suit Indirect Infringement Is Unsupported For
                        Failure To Plead Pre-Suit Knowledge Of The Asserted Patents And
                        Knowledge Of The Purported Infringement ............................... 10

                2.      NavBlazer Fails To Plead Facts Plausibly Supporting That Motorola
                        Had Specific Intent to Encourage Others' Infringement of the
                        Asserted Patents ........................................................................ 12

V.      CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

**Page**

C ASES

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) .......................................................................13

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ..............................11, 13, 14

*AptusTech LLC v. Trimfoot Co., LLC*,
No. 4:19-CV-00133-ALM, 2020 WL 1190070 (E.D. Tex. Mar. 12, 2020) ...............................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).......................................................................................5, 10

*Bd. of Regents v. Medtronic PLC*,
No. A-17-CV-0942-LY, 2018 WL 4179080 (W.D. Tex. July 19, 2018) ........................1, 4, 7, 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).......................................................................................5, 10

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)...............................................................................10, 11, 12

*Dodots Licensing Sols. LLC v. Lenovo Holding Co.*,
No. 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018) ................................14

*Dynamic Data Techs. v. Google LLC*,
No. 19-1529-CFC, 2020 WL 1285852 (D. Del. Mar. 18, 2020) ................................12

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018)
(Bryson, J.)........................................................................................4, 7, 9

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)........................................................................................11

*Hypermedia Navigation LLC v. Google LLC*,
No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019).......................14

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)..................................................................................12

*In re Cray, Inc.*,
    871 F.3d 1355 (Fed. Cir. 2017)........................................................................... passim

*In re Google LLC*,
    949 F.3d 1338 (Fed. Cir. 2020)..............................................................................5, 7

*In re Hoffmann-La Roche Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009)....................................................................................9

*In re ZTE (USA) Inc.*,
    890 F.3d 1008 (Fed. Cir. 2018)................................................................................4, 5

*Interactive Toybox, LLC v. Walt Disney Co.*,
    No. 1:17-CV-1137-RP, 2018 WL 5284625 (W.D. Tex. Oct. 24, 2018).......................7

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
    No. 1-14-CV-134-LY, 2015 WL 3513151 (W.D. Tex. Mar. 24, 2015).....................12

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018).....................11

*Memory Integrity, LLC v. Intel Corp.*,
    144 F. Supp. 3d 1185 (D. Or. 2015) .........................................................................14

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005)...................................................................................................15

*Moran v. Smith*,
    No 5:15-CV-1121-DAE, 2016 WL 4033268 (W.D. Tex. July 27, 2016) ...................9

*Soverain IP, LLC v. AT&T, Inc.*,
    No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158 (E.D. Tex. Oct. 31, 2017),
    *adopted*, 2017 WL 6452802 (E.D. TEx. Dec. 18, 2017) ...........................................9

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017)......................................................................................4, 5, 15

*Westech Aerosol Corp. v. 3M Co.*,
    927 F.3d 1378 (Fed. Cir. 2019)....................................................................................6

*Zaxcom, Inc. v. Lectrosonics, Inc.*,
    No. 17-CV-3408 (NGG) (SJB), 2019 WL 418860 (E.D.N.Y. Feb. 1, 2019) ..............................7

**STATUTES**

28 U.S.C. § 1400(b) ........................................................................................................4, 5

28 U.S.C. § 1406(a) ........................................................................................................9, 15

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 8(a)(2) .........................................................................5

Federal Rule of Civil Procedure 12(b)(3) ........................................................1, 2, 5, 15

Federal Rule of Civil Procedure 12(b)(6) ....................................................2, 5, 10, 15

## I.     INTRODUCTION

Defendant Motorola Mobility LLC ("Motorola") is not incorporated in Texas.  Motorola does not have a regular and established place of business in the Western District of Texas.  Yet, that is the exact venue where Plaintiff NavBlazer, LLC ("NavBlazer") has sued Motorola for patent infringement, generically alleging that, "[o]n information and belief," venue is appropriate.  (Dkt. 1 ¶ 4.)  Such "information and belief" rests solely on (1) the location of third-party owned and operated service centers; (2) an unfounded belief that Motorola has employees and advertises jobs in this District; and (3) the assertion that Motorola is "a subsidiary of Lenovo Group Ltd."  (*See id.* ¶ 4 & nn.1-2.)  As a matter of law, none is sufficient to establish venue.

First, the law is clear that the location of third-party owned and operated businesses cannot be imputed to a defendant for venue purposes.  Rather, proper venue "must be a place of the ***defendant***."  *In re Cray, Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017) (emphasis in original).  Second, Motorola neither has a place of business nor any employees that work or live in this District.  Third, whether Motorola is a subsidiary of Lenovo Group Limited (an entity that is not a party to this litigation) is irrelevant to the venue analysis.  The "presence of a corporate relative in the district does not establish venue over another separate and distinct corporate relative."  *Bd. of Regents v. Medtronic PLC*, No. A-17-CV-0942-LY, 2018 WL 4179080, at *2 (W.D. Tex. July 19, 2018).  Accordingly, this case should be dismissed under Fed. R. Civ. P. 12(b)(3).  Alternatively, if this Court chooses to transfer the case in lieu of dismissal, Motorola respectfully submits that the Northern District of California is both proper and the most convenient forum given that NavBlazer's infringement allegations hinge on functionality provided by the Google Maps application.  (*See* Dkt. 1 ¶¶ 13, 24, 50.)

Moreover, NavBlazer's indirect infringement claims should be dismissed because the complaint fails to plead facts plausibly alleging the necessary elements supporting such claims.

1

First, NavBlazer concedes that Motorola did not have pre-suit knowledge of U.S. Patent Nos. 9,075,136 and 9,885,782 (collectively, the "Asserted Patents") or its alleged infringement, stating that Motorola only learned of the Asserted Patents as a result of this lawsuit.  (Dkt. 1 ¶¶ 15, 41.) NavBlazer's pre-suit claims must therefore be dismissed.  Second, NavBlazer's induced infringement claims must be dismissed for the independent reason that NavBlazer does not, and cannot, plead the remaining elements of these claims.  Critically, NavBlazer does not allege that Motorola had the requisite "specific intent" to induce infringement.

## II.    FACTUAL BACKGROUND

### A.    Nature And Stage Of The Proceedings

NavBlazer filed its complaint against Motorola on February 10, 2020, alleging infringement of the Asserted Patents through mobile devices that use the Google Maps application on the Android platform.  (Dkt. 1 ¶¶ 13, 24, 50.)  The complaint asserts both direct infringement and induced infringement.  (Id. ¶¶ 16-18, 42-44.)  For inducement, the complaint merely states that Motorola (1) had knowledge of the Asserted Patents "at least as early as the date it received service of this Original Complaint" and (2) "intends to induce its customers to infringe the [Asserted Patents] by encouraging its customers to use the Accused Instrumentalities in a manner that results in infringement" including "by providing technical support for the use of the Accused Instrumentalities." (Id. ¶¶ 15, 17-18, 41, 43-44.)

### B.    Motorola Is A Delaware Corporation With No Regular, Established Place Of Business In This District

Motorola is a Delaware corporation with its headquarters and principal place of business at 222 West Merchandise Mart Plaza, Suite 1800, Chicago, Illinois 60654.  (Ex. 1[1] ¶ 3.)  Offering

---

[1]  Motorola attaches and cites to the Declaration of Jesal Acharya (Ex. 1) and Exhibits A-D solely to support its Motion to Dismiss under Rule 12(b)(3).  The Exhibits are not cited in support of Motorola's Motion to Dismiss under Rule 12(b)(6).

nothing more than bare-bones allegations, the complaint merely alleges that Motorola: (1) "has regular and established places of business in the District, including service centers in Austin, Waco, and San Antonio, Texas," that "are dedicated to the service and support of Motorola products, including the Accused Products;" and (2) "employs employees and advertises jobs in this District." (Dkt. 1 ¶ 4 & nn. 1-2.)  While the complaint cites to a listing of purported service centers from a third-party website, each of the listings corresponds to separate companies (*e.g.*, "Freescale Semiconductor Inc." and "CellTeks Inc."), and not Motorola.  (*Id.*; Ex. 1 ¶¶ 5-6.)  None of the service centers are owned or operated by Motorola or contracted by Motorola to service its products.  (Ex. 1 ¶ 6.)

Further, while Motorola has employees and may advertise available job openings in Texas, Motorola only has one office with 13 employees in Texas, and that office is located in Fort Worth, not in this District.  (*Id.* ¶¶ 7, 12.)  All 13 employees at that office work in the Fort Worth area.  (*Id.*)  Motorola advertises all available job openings nationwide in conjunction with Lenovo (United States) Inc. through the web page, https://lenovocareers.com/areas-mobile.html.  (*Id.* ¶ 7.)  As of May 18, 2020, there were 95 open positions available throughout the United States, of which four are offered within Texas.  (*Id.* ¶¶ 7-9.)  Each of these positions is located in the Dallas/Fort Worth or Houston areas and/or are not openings for employment positions at Motorola.  (*Id.* ¶¶ 9-10.)

### C.      Other Than This Current Litigation Activity, NavBlazer Does Not Have Any Presence In Or Connection To Texas

NavBlazer is a non-practicing entity that was organized in Florida in May 2019.  (Dkt. 1 ¶ 1.)  Mr. Raymond A. Joao, a New York resident, is the sole known principal of NavBlazer, the sole named inventor of the Asserted Patents, and the primary patent prosecutor of the Asserted Patents. (*See* Exs. A-B.)  On January 27, 2020, Joao executed a document on behalf of GTJ Ventures, LLC (a limited liability company with a place of business in New York) purportedly assigning its rights

in the Asserted Patents to NavBlazer for consideration of the sum of one dollar ($1.00). (Ex. C.) Shortly thereafter, NavBlazer's filed suits in this District and the Eastern District of Texas alleging infringement of the Asserted Patents against Motorola, Apple, Samsung, LGE, TomTom, and Hyundai. The Asserted Patents both expired in March.

## III. LEGAL STANDARD

### A. Venue Is Only Proper Where (1) The Defendant Resides Or (2) Has A Regular, Established Place Of Business And Has Committed Infringing Acts

Pursuant to 28 U.S.C. § 1400(b), venue in patent cases is only proper outside of a defendant's state of incorporation when the defendant maintains a "regular and established place of business" in the district. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). The Federal Circuit identified three factors that must be satisfied for a defendant to have a regular and established place of business in a particular venue: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *Cray*, 871 F.3d at 1360. NavBlazer bears the burden of establishing that venue is appropriate. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

### B. Venue Over Motorola Cannot Be Established By Imputing the Location Of Third Parties Without Collapsing The Corporate Form

The law is well-settled that venue cannot be imputed to a defendant based on the contacts of a third party unless there is a reason to collapse the separate corporate forms. *See, e.g.*, *Bd. of Regents*, 2018 WL 4179080, at *2; *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) (Bryson, J.) (collecting cases). The Federal Circuit emphasizes that any physical location forming the basis of venue in a district must be "of the ***defendant***," and "not solely a place of the defendant's employee." *Cray*, 871 F.3d at

1363.[2]  In the same vein, the "venue statute should be read to exclude agents' activities, such as maintenance, that are merely connected to, but do not themselves constitute, the defendant's conduct of business in the sense of production, storage, transport, and exchange of goods or services."  *In re Google LLC*, 949 F.3d 1338, 1347 (Fed. Cir. 2020).

### C.  To Survive A Motion to Dismiss Pursuant To Rule 12(b)(6), NavBlazer Must State a Plausible Claim for Relief

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Federal Rule of Civil Procedure 8(a)(2) requires that a complaint provide a defendant fair notice of the plaintiff's claim and the grounds relied upon.  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* (citation omitted) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

## IV.  ARGUMENT

### A.  Venue Is Improper In This District Under Rule 12(b)(3)

Section 1400(b), which "is the sole and exclusive provision controlling venue in patent infringement actions," *TC Heartland*, 137 S. Ct. at 1519, states that venue lies only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  "Plaintiff bears the burden of establishing proper venue."  *ZTE*, 890 F.3d at 1013.  NavBlazer does not, and cannot, meet its burden because Motorola is not incorporated in Texas, and it does not have a "regular and established

---

[2] Emphasis added throughout unless indicated otherwise.

place of business" in this District.  NavBlazer's misguided allegations relating to (1) purported third-party owned and operated service centers in this District, and (2) employees in Texas and job advertisements throughout the United States, cannot provide a basis for venue.

### 1.   Motorola Does Not Reside In This District

When this action was filed, Motorola was incorporated in Delaware and therefore "resides" in Delaware, not Texas.  (Dkt. 1 ¶ 2; Ex. 1 ¶ 3.)  Thus, Motorola's residence cannot provide a basis for venue in this District.

### 2.   Motorola Does Not Have "Regular And Established" Places Of Business In This District And Has Not Committed Infringing Acts Here

The second prong of the test—whether Motorola has regular and established places of business and has committed acts of infringement in this District—is also not met.  Motorola does not own or operate any business locations in this District.  (Ex. 1 ¶ 12.)  The physical locations on which NavBlazer pegs its venue allegations are "service centers in Austin, Waco, and San Antonio, Texas" that are purportedly "dedicated to the service and support of Motorola products."  (Dkt. 1 ¶ 4 & n.1.)  To the extent the companies listed on the third-party website even exist,[3] none of those purported service centers are owned or operated by Motorola.  (Ex. 1 ¶¶ 5-6.)  Indeed, they are advertised under separate names of the businesses like "Freescale Semiconductor Inc." and "CellTeks Inc."  (Ex. 1 ¶¶ 5-6.)  In these circumstances, the "presumption that facts pleaded in the complaint are true does not supplant a plaintiff's burden to plead specific facts showing that the defendant has a regular and established place of business physically located in the judicial district." *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1382 (Fed. Cir. 2019) (affirming dismissal).

---

[3] The website has a copyright of 2011 and contains out-of-date information.  *See, e.g.*, Ex. D (https://www.service-center-locator.com/motorola/texas/motorola-austin-texas.htm)  (last  visited May 18, 2020).  For example, the service centers purportedly in Austin include Motorola Inc., which no longer exists as a company.  (Ex. 1 ¶¶ 5-6.)  To the extent it exists in some form, Motorola has no current affiliation with Motorola Inc.  (*Id.* ¶ 6.)

Aside from conclusory statements, NavBlazer offers no evidence that any of the service centers actually service and/or support any Motorola products. (*See* Dkt. 1 ¶ 4.) And, in any event, Motorola does not have an agreement with any of the service centers to service any products. (Ex. 1 ¶¶ 5-6.) Accordingly, these locations cannot serve as the basis for venue over Motorola as they are not "of the defendant." *Cray*, 871 F.3d at 1363; *see EMED Techs.*, 2018 WL 2544564, at *2; *Bd. of Regents*, 2018 WL 4179080, at *2. Indeed, courts routinely reject the argument that an independent contractor's location can establish venue in a forum where the defendant is absent. *See, e.g., Google LLC*, 949 F.3d at 1347 (noting that third party which provided maintenance service to computer servers insufficient for venue); *Interactive Toybox, LLC v. Walt Disney Co*., No. 1:17-CV-1137-RP, 2018 WL 5284625, at *3-4 (W.D. Tex. Oct. 24, 2018) (declining to impute retail Disney stores to Disney company for venue purposes); *Zaxcom, Inc. v. Lectrosonics, Inc.*, No. 17-CV-3408 (NGG) (SJB), 2019 WL 418860, at *9 (E.D.N.Y. Feb. 1, 2019) (holding that third-party entity contracted "to provide non-exclusive repair and maintenance services on" defendants' product is not "place of business" of defendant). As Judge Mazzant aptly explained, "[s]o too, the Court joins the vast number of other district courts . . . that have held an independent retailer, or a distributor, does not satisfy the requirement that the defendant has a regular and established place of business in the forum." *AptusTech LLC v. Trimfoot Co., LLC*, No. 4:19-CV-00133-ALM, 2020 WL 1190070, at *5 (E.D. Tex. Mar. 12, 2020).

Moreover, Motorola denies any acts of infringement in this District. NavBlazer provides no evidence of use of Motorola products within the forum beyond a bare, unsupported allegation in its complaint. (Dkt. 1 ¶ 4.) But even if NavBlazer had such evidence—which it does not—it would be insufficient given that Motorola does not have a "regular and established place of business" in this District.

### 3.    Motorola's Employees Or Job Advertisements In Texas Cannot Establish Venue In this District

NavBlazer's allegations that Motorola's employees in Texas or advertised jobs throughout the United States suffice to establish venue (Dkt. 1 ¶ 4 & n.2) is also without merit.  Specifically, Motorola's only office in Texas is in Fort Worth, which is located outside of this District.  (Ex. 1 ¶ 12.)  As such, Motorola has no employees that work in this District.  *See id.*  Despite NavBlazer's unfounded allegations otherwise, Motorola does not advertise job openings for positions in this District.  Any advertisements on the cited career website (which Motorola and Lenovo (United States) Inc. jointly utilize) are for job positions outside of this District and/or are not openings for job positions at Motorola.[4]  (*Id.* ¶¶ 7-10.)  Moreover, "[m]arketing or advertisements" are relevant "only to the extent they indicate that the defendant itself holds out a place for its business." *Cray*, 871 F.3d at 1363.  That is not the case here.

Thus, NavBlazer's allegations regarding purported employees in this District fail to provide a basis for venue over Motorola.

### 4.    Whether Motorola Is A Subsidiary Of Lenovo Group Limited Is Irrelevant

Finally, to the extent NavBlazer argues that Motorola is subject to venue because it is a subsidiary of Lenovo Group Limited—an entity that is not a defendant in this action—NavBlazer is incorrect.  (*See* Dkt. 1 ¶ 4 & n.2.)  NavBlazer has presented no evidence or even allegations (because there are none) that Lenovo Group Limited is relevant to the venue analysis here.  (*See id.*)  Regardless, Motorola and Lenovo Group Limited are separate entities (Ex. 1 ¶ 4), and the affiliation between the companies does not provide a basis for venue over Motorola here.  "[E]ven if a parent

---

[4] Even if the advertisements were for a Motorola job opening, this would be irrelevant because any venue-establishing physical location must be "of the defendant," and "not solely a place of the defendant's employee." *Cray*, 871 F.3d at 1363.  As discussed above, Motorola's only office in Texas is outside the W.D. Tex.  (Ex. 1 ¶ 12.)

corporation controls a subsidiary's operations and the companies share a unitary business purpose, the subsidiary's presence in a venue cannot be imputed to the parent absent disregard for corporate separateness." *Soverain IP, LLC v. AT&T, Inc.*, No. 2:17-CV-00293-RWS-RSP, 2017 WL 5126158, at *1 (E.D. Tex. Oct. 31, 2017), *adopted*, 2017 WL 6452802 (E.D. Tex. Dec. 18, 2017); *see also EMED Techs.*, 2018 WL 2544564, at *2; *Bd. of Regents*, 2018 WL 4179080, at *2.

### B.     Alternatively, This Action Should Be Transferred To the Northern District Of California

Where venue is improper, as it is here, the district court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Should the Court determine that it is in the interest of justice to transfer this case for lack of venue, Motorola requests that the Court transfer the case to the Northern District of California given that NavBlazer's infringement allegations are predicated on Google Maps technology.  (Dkt. 1 ¶¶ 13, 24, 50.)  Accordingly, a transfer to that district is proper "because 'witnesses, evidence, the underlying events, and [the defendant] are based there.'"  *Moran v. Smith*, No 5:15-CV-1121-DAE, 2016 WL 4033268, at *2 (W.D. Tex. July 27, 2016) (quoting *Herman v. Cataphora, Inc.*, 730 F.3d 460,466 (5th Cir. 2013)).  Specifically, (1) this case could have been brought in the Northern District of California as Motorola has a "regular and established place of business" in Santa Clara, California; (2) much of the relevant evidence and witnesses are in California, including potentially relevant Motorola and third-party Google employees; and (3) the lawsuit "calls into question the work and reputation" of Motorola and third-party Google and their employees that conduct business in the community, which gives the Northern District of California a unique interest.  *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009); *see also* Ex. 1 ¶ 13; Dkt. 1 ¶¶ 13, 24, 50 (accusing Google Maps on the Android platform of infringement, which are both Google offerings).

### C.     The Complaint Fails to State Plausible Claims of Induced Infringement

NavBlazer's induced infringement claims should also be dismissed for failure to state a claim under Rule 12(b)(6).  <u>First</u>, any claim of pre-suit induced infringement should be dismissed because there is no allegation that Motorola had pre-suit knowledge of the Asserted Patents or the purported infringement thereof.  On this point, NavBlazer itself concedes that Motorola did not learn of the Asserted Patents until after the suit was filed.  <u>Second</u>, NavBlazer fails to plead any facts plausibly supporting that Motorola had the necessary "specific intent" to induce infringement.  NavBlazer's allegations of induced infringement are nothing more than formulaic recitations of the elements of these claims, stating legal conclusions without any factual support.  That does not pass muster. *Twombly*, 550 U.S. at 555.  The complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

Accordingly, NavBlazer's indirect infringement claims should be dismissed "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value."  *Twombly*, 550 at 557-58.

#### 1.     Any Claim Of Pre-Suit Indirect Infringement Is Unsupported For Failure To Plead Pre-Suit Knowledge Of The Asserted Patents And Knowledge Of The Purported Infringement

As discussed above, NavBlazer concedes that Motorola had no pre-suit knowledge of the Asserted Patents.  (Dkt. 1 ¶¶ 15, 41.)  Claims for induced infringement require "knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015).

Here, NavBlazer pleads inadequate pre-suit knowledge of the Asserted Patents.  "[B]ecause the complaint fails to sufficiently allege pre-suit knowledge, the pre-suit portion of the indirect-

infringement claims should be dismissed." *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at \*3 (W.D. Tex. Nov. 30, 2018).   Addressing inadequate allegations in *VLSI Technology, LLC v. Intel Corp.*, the Court dismissed indirect infringement claims because the plaintiff failed to plead pre-suit knowledge of the asserted patents.  Ex. E (dismissing pre-suit indirect infringement claims with no allegation of actual knowledge and insufficient facts to support allegations of willful blindness).  As in *VLSI*, the complaint here fails to plead any facts that plausibly support any allegation that Motorola had knowledge of the Asserted Patents prior to the filing of this case.  Instead, the complaint does no more than allege that Motorola had knowledge of the Asserted Patents "at least as early as the date it received service of this Original Complaint."  (Dkt. 1 ¶¶ 15, 41.)  These allegations are insufficient as a matter of law:  The "complaint does not express whether the induced infringement claim is limited to patent violations that occurred after the lawsuit was filed, or if the induced infringement claim includes [defendant's] conduct or knowledge pre-lawsuit. Here, [defendant] and the Court must speculate as to the extent and scope of [p]laintiff's induced infringement claim." *Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. W:13-CV-365, 2014 WL 2892285, at \*4 (W.D. Tex. May 12, 2014).

Separately, NavBlazer also fails to plead pre-suit knowledge by Motorola that it was allegedly infringing the Asserted Patents.  Establishing induced infringement "requires proof the defendant knew the acts were infringing," *Commil*, 135 S. Ct. at 1928, which is an independent requirement from knowledge of the patents themselves.  *Id.* at 1926 (rejecting the argument that "only knowledge of the patent is required" for indirect infringement); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011) (indirect infringement requires "knowledge of the existence of the patent that is [allegedly] infringed" and "knowledge that the induced acts constitute patent infringement.").  As one court recently explained, "even assuming that it *is* plausible that"

11

defendant "somehow knew of the existence of each of the patents-in-suit, [d]efendants' Motion would still be well taken—since the Complaint does not contain plausible allegations that [defendant] would then have known that *it was infringing* each of the patents-in-suit." *Dynamic Data Techs. v. Google LLC*, No. 19-1529-CFC, 2020 WL 1285852, at *2 (D. Del. Mar. 18, 2020) (emphasis in original).  Simply put, Motorola cannot be liable for induced infringement if it "did not know the acts were infringing." *Commil*, 135 S. Ct. at 1928.  Thus, NavBlazer's claims of pre-suit inducement should be dismissed.

### 2. NavBlazer Fails To Plead Facts Plausibly Supporting That Motorola Had Specific Intent to Encourage Others' Infringement of the Asserted Patents

NavBlazer's complaint similarly provides only threadbare, conclusory recitations of the elements of induced infringement, and thus fails to plead facts supporting that Motorola had specific intent to encourage others to infringe.  To the extent that NavBlazer intends to rely on citations in its direct infringement allegations, NavBlazer fails to allege how Motorola induces others to infringe the Asserted Patents because the citations rely on (1) third-party documentation and/or (2) advertising and promotional materials.

For claims of induced infringement, the complaint must plead facts that plausibly show the defendant had specific intent to cause another to directly infringe and knew the other's act constituted infringement.  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012); *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 1-14-CV-134-LY, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015) (holding plaintiff failed to put defendant on "sufficient notice as to the contours of Joao's theories of induced infringement").  Here, the totality of NavBlazer's allegations on inducement amount to the following:

> 16. Upon information and belief, Motorola has directly infringed and continues to directly infringe at least Claims 1, 2 and 7 of the '782 Patent by making, using, importing, selling, and/or, offering for sale the Accused Instrumentalities.

17. Motorola, with knowledge of the '782 Patent, also infringes at least Claims 1, 2 and 7 of the '782 Patent by inducing others to infringe the '782 Patent. In particular, Motorola intends to induce its customers to infringe the '782 Patent by encouraging its customers to use the Accused Instrumentalities in a manner that results in infringement.

(Dkt. 1 ¶¶ 16-17; *see also id.* ¶¶ 42-43.)  Yet, "simply recit[ing] the legal conclusion that Defendants acted with specific intent" does not constitute the requisite pleading of "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

NavBlazer's specific intent claims rest on allegations that Motorola (1) "encourag[ed] its customers to use the Accused Instrumentalities in a manner that results in infringement" and (2) "provid[ed] technical support [to customers] for the use of the Accused Instrumentalities."  (Dkt. 1 ¶¶ 17-18, 43-44.)   NavBlazer otherwise provides no elaboration or citations to Motorola documentation to support its bare conclusions that Motorola affirmatively "encouraged" and "provided technical support" to its customers to aid and abet infringement of the Asserted Patents. This is underscored by the fact that NavBlazer made the same formulaic and generic allegations in each of its six lawsuits against separate and disparate defendants to purportedly support the "specific intent" for each of those defendants.  These are precisely the type of generic allegations that have been found legally insufficient in this District to allege specific intent.  "[U]nsubstantiated assertions do not adequately support *the more demanding specific intent requirement* for a finding of induced infringement." *Affinity Labs*, 2014 WL 2892285, at *7.

Even if NavBlazer argues that its allegations and citations relating to direct infringement support its allegations regarding the purported "encouragement" and "technical support," such allegations are still insufficient because NavBlazer cites to third-party Google documentation, ***not Motorola documentation***, to demonstrate the functions and operations of the Google Maps

application.  (*See, e.g.*, Dkt. 1 ¶¶ 25, 29, 32, 34, 37, 39, 51, 55, 58, 60, 63, 65.)  NavBlazer cannot

argue that such third-party documentation, over which Motorola has no control, shows Motorola's

purported inducement of others.

NavBlazer's remaining citations to Motorola materials, consisting largely of a user manual

attached to the complaint, amount to product advertising and promotion materials (including images

of the devices and product specifications).  (Dkt. 1 ¶¶ 20, 22-24, 27, 31, 36, 46, 48-50, 53, 57, 62.)

Absent the identification of "any particular statement or material that plausibly suggests Defendants

intend to induce infringement," such citations do not allege facts plausibly showing specific intent.

*Dodots Licensing Sols. LLC v. Lenovo Holding Co.*, No. 18-098 (MN), 2018 WL 6629709, at *4 (D.

Del. Dec. 19, 2018) (holding that mere citations to websites was insufficient to plead specific intent

without "instruction, direction or encouragement that would reasonably support such an inference").

Indeed, to sufficiently plead inducement, NavBlazer must include specific allegations mapping the

advertisement or promotion to the performance of the claimed steps of the patent.   "Where

defendants have not touted the benefits of the accused products in ways that track the asserted

patents, courts generally do not infer specific intent."  *Memory Integrity, LLC v. Intel Corp.*, 144 F.

Supp. 3d 1185, 1195 (D. Or. 2015); *see Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-

06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("bald conclusions that an end user

following YouTube instructions results in infringement" insufficient to plead specific intent).

NavBlazer's complaint is entirely devoid of such a specific mapping from the documentation

to the performance of the asserted claims.  Absent such mapping, NavBlazer has only asserted that

Motorola advertises and supports its products—a generic allegation that does not plead any specific

intent to induce infringement.  *See Affinity Labs*, 2014 WL 2892285, at *7 (holding that allegations

that defendant's advertisements "induced its customers to purchase its vehicles" fails to plead how

defendant "induced its customers to use the vehicles in a manner that would violate the Asserted Patents").  The Supreme Court makes clear that laws against inducement are not intended to prohibit "ordinary acts incident to product distribution, such as offering customers technical support or product updates."  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005).

Thus, NavBlazer's induced infringement claims must be dismissed.

## V.    CONCLUSION

Because Motorola does not have a "regular and established place of business" in this District under *TC Heartland* and *Cray*, Motorola respectfully requests that the Court dismiss this action for improper venue under Rule 12(b)(3).  In the alternative to dismissal, Motorola respectfully requests that the Court transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1406(a). Further, because NavBlazer's complaint fails to allege facts to make out a plausible claim for induced patent infringement, Motorola respectfully requests that the Court dismiss such claims under Rule 12(b)(6).

Dated: June 9, 2020                         By: */s/  Michael C. Hendershot*
                                                 Michael C. Hendershot

                                            JONES DAY
                                            Michael C. Hendershot  (*Admitted pro hac vice*)
                                            CA State Bar No. 211830
                                            E-mail: mhendershot@jonesday.com
                                            Evan M. McLean  (*Admitted pro hac vice*)
                                            CA State Bar No. 280660
                                            E-mail: emclean@jonesday.com
                                            1755 Embarcadero Road
                                            Palo Alto, CA  94303
                                            Telephone:   (650) 739-3939
                                            Facsimile:    (650) 739-3900

                                            Sasha Mayergoyz  (*Admitted pro hac vice*)
                                            IL State Bar No. 6271800
                                            E-mail: smayergoyz@jonesday.com
                                            77 West Wacker, Suite 3500
                                            Chicago, IL  60602
                                            Telephone:   (312) 782-3939
                                            Facsimile:    (312) 782-8585

                                            Emily J. Tait (*Admitted pro hac vice*)
                                            MI State Bar No. P74708
                                            E-mail: etait@jonesday.com
                                            150 West Jefferson, Suite 2100
                                            Detroit, MI  48226
                                            Telephone:   (313) 733-3939
                                            Facsimile:    (313) 230-7997

                                            NAMAN HOWELL SMITH & LEE, PLLC
                                            John P. Palmer
                                            State Bar No. 15430600
                                            400 Austin Avenue, 8th Floor
                                            P.O. Box 1470
                                            Waco, TX 76701
                                            Telephone:    (254) 755-4100
                                            Facsimile:     (254) 754-6331
                                            Email: palmer@namanhowell.com

                                            ***Attorneys for Defendant***
                                            ***MOTOROLA MOBILITY LLC***

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to all counsel of record who have appeared in this case per Local Rule CV-5(b) on June 9, 2020.

*/s/ John P. Palmer*
John P. Palmer