**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **NAVBLAZER, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Case No. 6:20-cv-100-ADA |
| | § | |
| **MOTOROLA MOBILITY LLC,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

**DEFENDANT MOTOROLA MOBILITY LLC'S MOTION TO DISMISS
NAVBLAZER'S FIRST AMENDED COMPLAINT UNDER
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3)**

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................... 1

II.  PROCEDURAL BACKGROUND ........................................................................... 2

III. LEGAL STANDARD ............................................................................................... 3

    A.   Venue Is Only Proper Where (1) The Defendant Resides Or (2) Has A
        Regular, Established Place Of Business And Has Committed Infringing Acts ........ 3

    B.   Venue Cannot Be Established By Imputing the Location Of Third Parties
        Without Collapsing The Corporate Form ................................................................ 4

IV.  ARGUMENT ............................................................................................................. 4

    A.   Motorola Does Not Reside In This District ............................................................. 5

    B.   Motorola Does Not Have "Regular And Established" Places Of Business In
        This District And Has Not Committed Infringing Acts Here .................................. 5

        1.   The Independent Third-Party Repair Centers Are Not Places Of
            Motorola ..................................................................................................... 6

        2.   Independent Third-Party Repair Centers Are Not Agents of Motorola
            That Satisfy A Regular And Established Place Of Business Under
            Cray ............................................................................................................ 9

        3.   NavBlazer Has Not Properly Alleged Any Acts of Infringement In
            This District ............................................................................................... 11

    C.   Motorola's Employees Or Job Advertisements In Texas Cannot Establish
        Venue In this District ............................................................................................. 11

V.   CONCLUSION ....................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Page**

CASES

*AptusTech LLC v. Trimfoot Co.*,
   2020 WL 1190070 (E.D. Tex. Mar. 12, 2020) ....................................................................7, 8, 9

*Bd. of Regents v. Medtronic PLC*,
   2018 WL 4179080 (W.D. Tex. July 19, 2018) ............................................................................4

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
   2018 WL 2544564 (E.D. Tex. June 4, 2018) (Bryson, J.) ......................................................4, 9

*In re Cray, Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017)........................................................................................ passim

*In re Google LLC*,
   949 F.3d 1338 (Fed. Cir. 2020)........................................................................................ passim

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018)......................................................................................4, 6, 8

*Interactive Toybox, LLC v. Walt Disney Co.*,
   2018 WL 5284625 (W.D. Tex. Oct. 24, 2018) ............................................................................8

*LoganTree LP v. Garmin Int'l, Inc.*,
   2017 WL 2842870 (W.D. Tex. June 22, 2017) ...........................................................................9

*Schnell v. Peter Eckrich & Sons, Inc.*,
   365 U.S. 260 (1961)......................................................................................................................3

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017).......................................................................................................3, 4, 9, 12

*Zaxcom, Inc. v. Lectrosonics, Inc.*,
   2019 WL 418860 (E.D.N.Y. Feb. 1, 2019)................................................................................9

STATUTES

28 U.S.C. § 1391.................................................................................................................................2

28 U.S.C. § 1400................................................................................................................................5

28 U.S.C. § 1400(b) .................................................................................................2, 3, 4, 9

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(3) ...............................................................1, 5, 12

Federal Rule of Civil Procedure 12(b)(6) ........................................................................1

## I.    INTRODUCTION

After Defendant Motorola Mobility LLC ("Motorola") filed its Motion to Dismiss under Rule 12(b)(3) and 12(b)(6), Plaintiff NavBlazer, LLC ("NavBlazer") filed a First Amended Complaint ("FAC") rather than substantively address Motorola's Motion.   NavBlazer's FAC includes only one paragraph regarding venue, and that paragraph still fails to allege that Motorola has a physical place in this District.   In fact, NavBlazer's FAC abandons its prior allegations, and now shifts its focus from certain purported service centers in this District (that likely do not even exist) to *different, independently-operated* repair centers.   (Dkt. 21 ¶ 4.)   As explained below, the allegations in this single paragraph are wrong as a matter of law and factually unfounded for several reasons:

- ***First***, even accepting NavBlazer's allegations as true, NavBlazer's FAC fails to show that a third-party, repair center is a place *of Motorola*, as opposed to a place of an employee or agent—a critical element for venue required by the Federal Circuit.   *In re Cray, Inc.*, 871 F.3d 1355, 1363 (Fed. Cir. 2017).   The venue statute demands that any "regular and established place of business" "must be a place *of the defendant*, not solely a place of the defendant's employee."   *Id.* at 1363 (original emphasis).

- ***Second***, NavBlazer's allegations are unfounded because the repair centers do not maintain "the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business."   *In re Google LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2020).   Rather, the repair centers are third-party establishments, independently owned and solely responsible for operations and management.   Put simply, the repair centers are not a legal agent under Motorola's control.   Moreover, even if the repair centers are considered an agent of Motorola, the Federal Circuit makes clear "that the maintenance

activities cannot, standing alone, be considered the conduct of [defendant's] business." *Id.* at 1346.

- **Third**, Motorola neither has a place of business nor any employees that work or live in this District.

## II.   PROCEDURAL BACKGROUND

NavBlazer filed its Original Complaint against Motorola on February 10, 2020, alleging infringement of the asserted patents through mobile devices that use the Google Maps application on the Android platform.  (Dkt. 1 ¶¶ 13, 24, 50.)  The Original Complaint asserted both direct and induced infringement.  (*Id.* ¶¶ 16-18, 42-44.)  NavBlazer generically alleged, on information and belief, that venue was proper for Motorola in this District due to certain third-party service centers that serviced Motorola devices.  (*Id.* ¶ 4.)  In support of these allegations, NavBlazer cited a stale, third-party website listing various purported service centers, some of which do not appear to exist today.  (*Id.*; Dkt. 19 at 2-3, 6.)

On June 9, 2020, Motorola timely filed a motion to dismiss NavBlazer's bare and unsupported allegations.  (Dkt. 19.)  Rather than directly oppose Motorola's Motion, NavBlazer filed the FAC on June 23, 2020, abandoning its original allegations relating to venue and dropping its claims for induced infringement.  (Dkt. 21.)[1]  Paragraph 4 of the FAC is the entirety of NavBlazer's allegations regarding venue:

> Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).  Motorola is registered to do business in Texas, and upon information and belief, Motorola has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the asserted patents.  [1]  Upon information and belief, Motorola has regular and established places of business in the District, including authorized repair centers in Austin, Texas.  *See* https://motorola-

---

[1]  Following the FAC, the Court mooted Motorola's original Motion to Dismiss because the Original Complaint was superseded by the FAC.  This present motion addresses the operative FAC.

globalportal.custhelp.com/app/mcp/track-repair/service-center-locator (last visited
June 18, 2020). Upon information and belief, these Authorized Motorola Repair
Centers are dedicated to the service and support of Motorola products, including the
Accused Products and such service being regularly performed by agents of Motorola
in furtherance of Motorola's business. *See, e.g.,*
https://help.motorola.com/hc/apps/settings/legal/global/en-
us/index.html?t=CGT1507061106 (last visited June 18, 2020). [2] Upon
information and belief, Motorola also employs residents and advertises jobs in this
District. *See, e.g.,* https://lenovocareers/com/areas-mobile.html.

(*Id.* ¶ 4 (bracketed numbers added).) These allegations assert that venue for Motorola is satisfied

by: [1] independent third-party owned, operated, and managed repair centers in this District, and [2]

employees residing in Texas but outside of this District, and job advertisements throughout the

United States. (*Id.*) As discussed below, under the Federal Circuit's and this District's precedent,

NavBlazer's erroneous allegations cannot establish venue.

## III.   LEGAL STANDARD

### A.   Venue Is Only Proper Where (1) The Defendant Resides Or (2) Has A Regular, Established Place Of Business And Has Committed Infringing Acts

Pursuant to 28 U.S.C. § 1400(b), venue in patent cases is only proper outside of a defendant's

state of incorporation when the defendant maintains a "regular and established place of business" in

the district. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017).

"The requirement of venue is specific and unambiguous; it is not one of those vague principles

which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Schnell v.*

*Peter Eckrich & Sons, Inc.*, 365 U.S. 260, 264 (1961). The Federal Circuit applies a three-factor

test to determine whether a defendant has a regular and established place of business in a particular

venue: "(1) there must be a physical place in the district; (2) it must be a regular and established

place of business; and (3) it must be the place of the defendant." *Cray*, 871 F.3d at 1360. "If any

statutory requirement is not satisfied, venue is improper under § 1400(b)." *Id.* NavBlazer bears the

burden of establishing that venue is appropriate. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018).

> **B.      Venue Cannot Be Established By Imputing the Location Of Third Parties Without Collapsing The Corporate Form**

The law is well-settled that venue cannot be imputed to a defendant based on the contacts of a third party unless there is a reason to collapse the separate corporate forms. *See, e.g.*, *Bd. of Regents v. Medtronic PLC*, 2018 WL 4179080, at *2 (W.D. Tex. July 19, 2018); *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018) (Bryson, J.) (collecting cases).  The Federal Circuit emphasizes that any physical location forming the basis of venue in a district must be "of the *defendant*," and "not solely a place of the defendant's employee." *Cray*, 871 F.3d at 1363.[2]   Thus, even when a defendant has employees residing in a particular district, "the determining factor is whether those employees render the call center 'a place *of the defendant*, not solely a place of the defendant's employee[s].'" *ZTE*, 890 F.3d at 1015.  In the same vein, for the "regular and established place of business" factor, the "venue statute should be read to exclude agents' activities, such as maintenance, that are merely connected to, but do not themselves constitute, the defendant's conduct of business in the sense of production, storage, transport, and exchange of goods or services." *Google*, 949 F.3d at 1347.

**IV.     ARGUMENT**

Under Section 1400(b), which "is the sole and exclusive provision controlling venue in patent infringement actions," *TC Heartland*, 137 S. Ct. at 1519, NavBlazer does not meet its burden to establish venue because Motorola is not incorporated in Texas, and it does not have a "regular and established place of business" in this District.  While NavBlazer's FAC pivots its allegations to *different* repair centers than alleged in the Original Complaint, NavBlazer's new theories are

---

[2] Emphasis added throughout unless indicated otherwise.

similarly misguided.  In particular, NavBlazer's current allegations—relating to (1) the newly identified third-party owned, operated, and managed repair centers in this District, and (2) employees in Texas and job advertisements throughout the United States—cannot provide a basis for venue.

### A.    Motorola Does Not Reside In This District

NavBlazer cannot satisfy the first prong of Section 1400 because when this action was filed, Motorola was incorporated in Delaware and therefore "resides" in Delaware rather than Texas.  (Dkt. 1 ¶ 2; Dkt. 21 ¶ 2; Ex. 1[3] ¶ 3.)  Thus, Motorola's residence cannot provide a basis for venue in this District.

### B.    Motorola Does Not Have "Regular And Established" Places Of Business In This District And Has Not Committed Infringing Acts Here

NavBlazer also cannot satisfy the second prong of Section 1400 because Motorola does not have any regular and established places of business and has not committed acts of infringement in this District.  In fact, Motorola does not own or operate any business locations in this District.  (Ex. 1 ¶ 12.)  Instead, the physical locations on which NavBlazer pegs its venue allegations are purported "authorized repair centers in Austin, Texas" that are "dedicated to the service and support of Motorola products, including the Accused Products and such service being regularly performed by agents of Motorola in furtherance of Motorola's business."  (Dkt. 21 ¶ 4.)  However, these repair centers are independent third-party businesses.  The repair centers are not places of Motorola, nor does NavBlazer allege otherwise.  Further, these repair centers are not regular and established places of businesses that maintain the physical presence of Motorola employees or agents conducting Motorola's business.

---

[3] Motorola attaches and cites to the Declaration of Jesal Acharya (Ex. 1) and the Declaration of Timothy Erichson (Ex. 2) to support its Motion to Dismiss under Rule 12(b)(3).

### 1.   The Independent Third-Party Repair Centers Are Not Places Of Motorola

The Federal Circuit emphasizes that any physical location forming the basis of venue in a district must be "of the *defendant*," and "not solely a place of the defendant's employee" or other third party.  *Cray*, 871 F.3d at 1363; *ZTE*, 890 F.3d at 1015.  Here, even accepting NavBlazer's allegations as true, NavBlazer still fails to establish venue by way of the identified third-party repair centers because there is no evidence that these locations are the place *of Motorola*.  Further, "the defendant *must establish or ratify* the place of business" in order to satisfy the relevant inquiry. *Cray*, 871 F.3d at 1363.  The Federal Circuit sets forth several factors to consider whether a physical location is "of the defendant," including:

> (1) "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place";
>
> (2) "whether the defendant conditioned employment on an employee's continued residence in the district or the storing of materials at a place in the district so that they can be distributed or sold from that place";
>
> (3) "[m]arketing or advertisements … but only to the extent they indicate that the defendant itself holds out a place for its business"; and
>
> (4) "defendant's representations that it has a place of business in the district" including "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory; or places its name on a sign associated with or on the building itself."

*Id.* at 1363-64.  NavBlazer's allegations in the FAC hinge on a Motorola web page that refers customers seeking repairs for their Motorola devices to Cell Phone Repair ("CPR") stores throughout the country.  (*See* Dkt. 21 ¶ 4.)  However, each of the above factors, as well as controlling precedent, uniformly confirms that these stores are places of third parties rather than of Motorola.

***First***, NavBlazer's allegations only address the fourth factor.  Even so, NavBlazer erroneously alleges that the third-party CPR stores are places of Motorola.  (Dkt. 21 ¶ 4.)  According to *Cray*, a web page is only relevant to the extent that Motorola "establish[es] or ratif[ies]" the CPR

stores as places of Motorola or otherwise represents "that it has a place of business in the district." 871 F.3d at 1363-64. Critically, the webpage identified by NavBlazer's FAC does the exact opposite. Motorola does not control nor direct the repairs at these third-party stores. (Ex. 2 ¶¶ 3, 5.) Rather, Motorola explicitly and unambiguously states that: "[e]ach Authorized Motorola Repair Center *is independently owned and operated and is not managed by Motorola*" (*Id.* ¶ 5.) In addition, the cited web page identifies each individual CPR store's name; displays CPR stores' "red cross" logo prominently throughout; and includes links to third-party CPR websites.[4] (*Id.* ¶ 4.) Thus, regardless of "whether [Motorola] lists the alleged place of business on a website," this listing confirms that the CPR stores are places of a third party rather than Motorola. *AptusTech LLC v. Trimfoot Co.,* 2020 WL 1190070, at *4 (E.D. Tex. Mar. 12, 2020).

Presented with analogous circumstances, Judge Mazzant dismissed an action for lack of venue when the plaintiff failed to meet the prong requiring a regular and established place of business to be "of the defendant." *AptusTech,* 2020 WL 1190070, at *5. In *AptusTech*, the court explained that plaintiff could not anchor venue based on the location of defendant's "independent retailers." *Id.* at *3. The court further rejected the argument that defendant's listing of independent retailers on its website under a "store locator" tab was sufficient to demonstrate venue. As the court explained, "the locations [on the website] all have the names of the independent retailers on them. The website listings do not indicate that they are [defendant's] stores. Thus, [defendant] does not attempt to hold these stores out as its own on its website." *Id.* at *4. The Court then summed up its analysis:

> [T]he Court joins the vast number of other district courts, including those within this District, *that have held an independent retailer, or a distributor, does not satisfy the requirement that the defendant has a regular and established place of business in the forum.* Moreover, *even directing customers to that location from the defendant's website is insufficient to establish that the location is "of the defendant."* Since these

---

[4] The independently branded CPR website itself further describes the various non-Motorola services that CPR provides to potential customers. (Ex. 2 ¶ 6.)

four locations are not considered "of the defendant," venue is not proper within the [District].

*Id.* at *5. The same analysis leads to the same result in this case.

**Second**, none of the remaining *Cray* factors lends any support to NavBlazer's allegations. (Dkt. 21 ¶ 4.) Regarding the first factor, despite the fact that CPR stores are "Authorized" to repair devices under Motorola's limited warranty, "the mere presence of a contractual relationship" is insufficient to impute a location in the district to Motorola. *ZTE*, 890 F.3d at 1015 (third-party, call center that maintained two full-time employees of defendant and 60 representatives dedicated to customer service for defendants not sufficient alone to establish site as place of defendant). Indeed, CPR stores are non-exclusive[5] service and repair providers for Motorola products, and such stores are independent from, and not controlled by, Motorola. (Ex. 2 ¶¶ 3, 5, 8.) In addition, CPR receives no compensation from Motorola, except for payments it receives for warranty repairs it provides in accordance with its role as an authorized repair center. (*Id.* ¶ 8.) Regarding the second and third factors, Motorola has no control over where the CPR stores are located and/or their presence in the District. (*Id.*) Further, there is no indication that Motorola advertises that the CPR stores are Motorola places of business; in fact, the contrary is true. (*Id.* ¶ 4-6.) Thus, like the web page cited in the FAC, the remaining factors confirm that the CPR stores are places solely of CPR rather than of Motorola.

**Finally**, the basis of NavBlazer's venue allegations ignores that courts (including in this District) routinely reject the argument that an independent contractor's location can establish venue in a forum where the defendant is absent. *See, e.g.*, *Interactive Toybox, LLC v. Walt Disney Co.*,

---

[5] Additional mail-in options to non-CPR server centers outside of this District are also available to customers for repair of Motorola devices. (Ex. 2 ¶ 7.)

2018 WL 5284625, at *3-4 (W.D. Tex. Oct. 24, 2018) (declining to impute retail Disney stores to Disney company for venue purposes); *LoganTree LP v. Garmin Int'l, Inc.*, 2017 WL 2842870, at *2 (W.D. Tex. June 22, 2017) ("It is well settled that the mere presence of independent sales representatives does not constitute a 'regular and established place of business' for purposes of Section 1400(b)."); *AptusTech*, 2020 WL 1190070, at *5.

As Judge Bryson explained, NavBlazer's attempt "to lay venue for an action against a defendant in a district in which the defendant's distributors are located would largely overturn the decisions in *TC Heartland* and *Cray*, converting the test for venue in patent cases into one similar to the test for personal jurisdiction. The Federal Circuit's decision in *Cray* was explicit in rejecting that interpretation of the patent venue statute." *EMED Techs. Corp.*, 2018 WL 2544564, at *2 (collecting precedent establishing "abundant case law . . . holding that a distributor's place of business cannot establish venue for its supplier"). Thus, "[s]o long as a formal separation of [closely related] entities is preserved, the courts ordinarily will not treat the place of business of one corporation as the place of business of the other." *Id.* The present case is even more compelling as Motorola has no corporate relation to any of the third-party repair centers. Moreover, courts hold that a third-party entity contracted "to provide non-exclusive repair and maintenance services on" defendants' products pursuant to a warranty is not a "place of business" of defendant. *Zaxcom, Inc. v. Lectrosonics, Inc.*, 2019 WL 418860, at *9 (E.D.N.Y. Feb. 1, 2019).

### 2.   Independent Third-Party Repair Centers Are Not Agents of Motorola That Satisfy A Regular And Established Place Of Business Under Cray

NavBlazer's allegation that a third-party CPR store is a "regular and established place of business" is similarly erroneous. The Federal Circuit has emphasized that "a 'regular and established place of business' requires the regular, physical presence of *an employee or other agent of the defendant conducting the defendant's business* at the alleged 'place of business.'" *Google*, 949 F.3d

at 1345.  NavBlazer alleges that authorized repair/service centers are "agents" of Motorola because a Motorola website mentions that "[r]epairs made by Motorola or its authorized agent" are covered by the limited warranty.  (*See* Dkt. 21 ¶ 4.)  However, as discussed above and despite the language on the website, unlike a formal agency relationship (*see Google*, 949 F.3d at 1345), Motorola does not control the activities that CPR performs in this District.  (Ex. 2 ¶¶ 3, 5, 8.)  Rather, the web page that refers customers to the so-called "agents" make explicit that the centers are independently owned, operated, and managed.  (Ex. 2 ¶¶ 4-6.)  Thus, the evidence shows that the relationship between Motorola and CPR are solely those of an arms-length transaction between entities and not an agency-relationship.

Moreover, even if the CPR stores are considered "agents" of Motorola, which they are not, the Federal Circuit holds that "maintenance" activities by third parties do not constitute a defendant's business as required for venue:

> The venue statute should be read to exclude agents' activities, such as maintenance, that are merely connected to, but do not themselves constitute, the defendant's conduct of business in the sense of production, storage, transport, and exchange of goods or services.

*Google*, 949 F.3d at 1347; *see id.* at 1346 ("The better reading of the statute is that the maintenance activities cannot, standing alone, be considered the conduct of [defendant's] business.").  This is because "[m]aintaining equipment is meaningfully different from—as only ancillary to—the actual producing, storing, and furnishing to customers of what the business offers."  *See id.* at 1346.  Thus, such repair facilities cannot be considered to be places conducting the business of Motorola as required.

Therefore, measured against any legal standard, NavBlazer, who bears the burden, has also failed to establish that the CPR stores are "regular and established places of business."

    **3.**    **NavBlazer Has Not Properly Alleged Any Acts of Infringement In This District**

Moreover, Motorola denies any acts of infringement in this District.  NavBlazer provides no evidence of use of Motorola products within the forum beyond a bare, unsupported allegation in its FAC.  (Dkt. 21 ¶ 4.)  NavBlazer's mere boilerplate recitation is further illustrated by the fact that NavBlazer still alleges that Motorola indirectly infringes the patents, but has otherwise removed such allegations from the FAC.  But even if NavBlazer had such evidence—which it does not—it would be insufficient given that Motorola does not have a "regular and established place of business" in this District.

**C.**    **Motorola's Employees Or Job Advertisements In Texas Cannot Establish Venue In this District**

NavBlazer's allegations that Motorola's employees in Texas or advertised jobs throughout the United States suffice to establish venue (Dkt. 21 ¶ 4) is also without merit.  Specifically, Motorola's only office in Texas is in Fort Worth, which is located outside of this District.  (Ex. 1 ¶ 12.)  As such, Motorola has no employees that work in this District.  *See id.*  Despite NavBlazer's unfounded allegations otherwise, Motorola does not advertise job openings for positions in this District.[6]  Any advertisements on the cited career website (which Motorola and Lenovo (United States) Inc. jointly utilize) are for job positions outside of this District and/or are not openings for job positions at Motorola.[7]  (*Id.* ¶¶ 7-10.)  Moreover, "[m]arketing or advertisements" are relevant

---

[6] As of May 18, 2020, there were 95 open positions on the careers website available throughout the United States, of which four were offered within Texas.  (Ex. 1 ¶¶ 7-9.)  Each of these positions were located in the Dallas/Fort Worth or Houston areas and/or are not openings for employment positions at Motorola.  (*Id.* ¶¶ 9-10.)

[7] Even if the advertisements were for a Motorola job opening, this would be irrelevant because any venue-establishing physical location must be "of the defendant," and "not solely a place of the defendant's employee."  *Cray*, 871 F.3d at 1363.  As discussed above, Motorola's only office in Texas is outside the W.D. Tex.  (Ex. 1 ¶ 12.)

"only to the extent they indicate that the defendant itself holds out a place for its business." *Cray*, 871 F.3d at 1363.  That is not the case here.

Thus, NavBlazer's allegations regarding purported employees in this District fail to provide a basis for venue over Motorola.

## V.      CONCLUSION

Because Motorola does not have a "regular and established place of business" in this District under *TC Heartland* and *Cray*, Motorola respectfully requests that the Court dismiss this action for improper venue under Rule 12(b)(3).

Dated: July 7, 2020

By: /s/  Michael C. Hendershot
     Michael C. Hendershot

JONES DAY
Michael C. Hendershot  (*Admitted pro hac vice*)
CA State Bar No. 211830
E-mail: mhendershot@jonesday.com
Evan M. McLean  (*Admitted pro hac vice*)
CA State Bar No. 280660
E-mail: emclean@jonesday.com
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:   (650) 739-3939
Facsimile:    (650) 739-3900

Sasha Mayergoyz  (*Admitted pro hac vice*)
IL State Bar No. 6271800
E-mail: smayergoyz@jonesday.com
77 West Wacker, Suite 3500
Chicago, IL  60602
Telephone:   (312) 782-3939
Facsimile:    (312) 782-8585

Emily J. Tait (*Admitted pro hac vice*)
MI State Bar No. P74708
E-mail: etait@jonesday.com
150 West Jefferson, Suite 2100
Detroit, MI  48226
Telephone:   (313) 733-3939
Facsimile:    (313) 230-7997

NAMAN HOWELL SMITH & LEE, PLLC
John P. Palmer
State Bar No. 15430600
400 Austin Avenue, 8th Floor
P.O. Box 1470
Waco, TX 76701
Telephone:    (254) 755-4100
Facsimile:     (254) 754-6331
Email: palmer@namanhowell.com

*Attorneys for Defendant*
*MOTOROLA MOBILITY LLC*

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to all counsel of record who have appeared in this case per Local Rule CV-5(b) on July 7, 2020.

*/s/ John P. Palmer*
John P. Palmer

14