# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **NAVBLAZER, LLC,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Case No. 6:20-cv-100-ADA |
| | § | |
| **MOTOROLA MOBILITY LLC,** | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

# DEFENDANT MOTOROLA MOBILITY LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS NAVBLAZER'S FIRST AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(3)

**TABLE OF CONTENTS**

I.      INTRODUCTION ................................................................................................................ 1

II.     ARGUMENT ....................................................................................................................... 2

    A.    Venue Is Improper In This District............................................................................. 2

        1.    The Independent Third-Party Repair Centers Are Not Places of Motorola (*Cray* Factor 3)................................................................................ 3

        2.    Independent Third-Party Repair Centers Are Not Agents of Motorola That Satisfy A Regular And Established Place Of Business (*Cray* 2) ......... 6

    B.    Venue Discovery Is Unwarranted............................................................................... 7

III.    CONCLUSION.................................................................................................................... 8

# **TABLE OF AUTHORITIES**

Page

**CASES**

*AptusTech LLC v. Trimfoot Co., LLC*,
  No. 4:19-CV-00133-ALM, 2020 WL 1190070 (E.D. Tex. Mar. 12, 2020) ............................ 5, 6

*EMED Techs. Corp. v. Repro-Med Sys., Inc.*,
  No. 2:17-CV-728-WCB-RSP, 2018 WL 2544564 (E.D. Tex. June 4, 2018)
  (Bryson, J.) ................................................................................................................................ 6

*In re Cray, Inc.*,
  871 F.3d 1355 (Fed. Cir. 2017) .......................................................................................... passim

*In re Google LLC*,
  949 F.3d 1338 (Fed. Cir. 2020) .......................................................................................... passim

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018) ............................................................................................. 3, 4

*Interactive Toybox, LLC v. Walt Disney Co.*,
  No. 1:17-CV-1137-RP, 2018 WL 5284625 (W.D. Tex. Oct. 24, 2018) ..................................... 6

*LoganTree LP v. Garmin Int'l, Inc.*,
  No. SA-17-CA-0098-FB, 2017 WL 2842870 (W.D. Tex. June 22, 2017) ................................ 6

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) .............................................................................................................. 8

*Zaxcom, Inc. v. Lectrosonics, Inc.*,
  No. 17-CV-3408 (NGG) (SJB), 2019 WL 418860 (E.D.N.Y. Feb. 1, 2019) ............................ 6

**STATUTES**

28 U.S.C. § 1400(b) ..................................................................................................................... 1, 2

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(3) ........................................................................................ 8

I.  **INTRODUCTION**

Motorola's opening brief establishes that third-party repair centers are neither places *of Motorola* nor regular and established places of business. Motorola's brief also applies settled precedent to the undisputed facts to demonstrate the decisive deficiencies in NavBlazer's attempt to hinge venue based on independent repair centers. (Dkt. 28 at 5-10.) Nothing in NavBlazer's opposition disturbs these showings. Indeed, NavBlazer's opposition is more notable for what it omits than what it says. NavBlazer fails to address any of Motorola's cited precedent, and it does not identify any contrary facts. Instead, NavBlazer misreads *In re Cray* and *In re Google* to improperly stretch the venue statute far beyond what is intended and acceptable. And that is precisely what the Federal Circuit instructs against: Section 1400(b) is a "restrictive measure" that "define[s] the exact limits of venue in patent infringement suits"; "it is not one of those vague principles which, in the interests of some overriding policy, is to be given a liberal construction." *In re Cray,* 871 F.3d 1355, 1361 (Fed. Cir. 2017) (citing Supreme Court cases). Motorola' motion to dismiss should be granted because:

- ***First***, even accepting NavBlazer's unfounded claims regarding agency, venue is still improper as a matter of law. NavBlazer's opposition essentially ignores the third *Cray* factor, requiring that the repair centers must be a place ***of Motorola*** and not an establishment of Motorola's employee or agent. NavBlazer fundamentally misunderstands this *Cray* factor by incorrectly claiming that a web page referring to independent, third-party stores is sufficient for venue. It is not. Motorola's declarations and recent precedent show that NavBlazer's claim is contrary to law and fact.

- ***Second***, while NavBlazer cites *In re Google* regarding the second *Cray* factor, it cites the opinion for the wrong reasons and fails to address the relevant analysis. *In re Google*

*LLC* makes clear that a facility must maintain "the regular, physical presence ***of an employee or other agent of the defendant conducting the defendant's business***" to sustain venue. 949 F.3d 1338, 1345 (Fed. Cir. 2020).[1] However, Motorola's opening brief established that: (1) the independent repair centers are not "agents" of Motorola, and (2) even if the repair centers are considered an agent, the "maintenance activities" performed by the service centers are not conducting Motorola's business pursuant to *In re Google*.

- ***Finally***, NavBlazer's request for jurisdictional discovery is unwarranted because its allegations imputing the presence of an independent, third-party repair center to Motorola, are deficient as a matter of law even if accepted, and cannot be saved by discovery here.

## II.  ARGUMENT

### A.  Venue Is Improper In This District

Motorola's opening brief demonstrates that NavBlazer does not, and cannot, meet its burden to establish venue under Section 1400(b) because Motorola is not incorporated in Texas and does not have a "regular and established place of business" in this District. NavBlazer's flawed allegations relating to third-party, independently owned, operated, and managed repair centers do not alter this conclusion. As Motorola's opening brief spells out in detail (Dkt. 28 at 5-10), such establishments are third-party businesses, and are not, under the principles set forth in *Cray* and *In re Google*, (1) places of Motorola (*Cray* factor 3); nor (2) regular and established places of businesses that maintain the physical presence of Motorola employees or agents to conduct Motorola's business (*Cray* factor 2).

---

[1] Emphasis added throughout unless indicated otherwise.

1.     **The Independent Third-Party Repair Centers Are Not Places of Motorola (*Cray* Factor 3)**

Even accepting NavBlazer's arguments in its opposition (and the allegations in the first amended complaint) as true, NavBlazer still cannot establish that the third-party repair centers are the place ***of Motorola***, pursuant to the third *Cray* factor. For this factor, the Federal Circuit emphasizes that any physical location forming the basis of venue in a district must be "of the *defendant*," and "not solely a place of the defendant's employee" or another third party. *Cray*, 871 F.3d at 1363; *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1015 (Fed. Cir. 2018).[2] NavBlazer's arguments that certain repair centers are purportedly places of Motorola, rather than solely of independent third parties fail for three primary reasons: (1) the business of a purported agent is the place of the agent, not that of Motorola; (2) NavBlazer's reliance on the cited Motorola web page misconstrues *Cray* and disregards that the page explicitly refers customers to independently owned, operated, and managed facilities; and (3) NavBlazer ignores several considerations explained in Motorola's opening brief as to why the repair centers are not places of Motorola, including several additional considerations analyzed in *Cray* and relevant case law.

***First***, NavBlazer's focus on facilities owned and operated by a purported agent misses the point of the third *Cray* factor. NavBlazer incorrectly claims that "*the question is only* whether Motorola 'engage[s] in business' from the repair centers" while coming to the conclusion that "[b]ased on the information presently available to NavBlazer, the answer is a resounding yes." (Dkt. 32 at 5.) However, while the presence or business of an agent may satisfy *Cray*'s second factor (*i.e.*, the "regular and established place of business" requirement discussed further below), that does not convert a third-party's place of business into a place *of Motorola*.

---

[2] Emphasis added throughout unless indicated otherwise.

An agent's place of business is no more the place of business of Motorola than an employee's home. And the Federal Circuit has consistently held that employee's homes (or related buildings) are not places of a defendant for purposes of the third *Cray* factor. *See, e.g.*, *ZTE*, 890 F.3d at 1015 (third-party, call center that maintained two full-time employees of defendant and 60 representatives dedicated to customer service for defendants not sufficient alone to establish site as place of defendant); *Cray*, 871 F.3d at 1366-67 (employee home not place of defendant). Accordingly, even if the repair centers are "agents" of Motorola, they are merely places of the agent, not of Motorola.

Further, NavBlazer's reliance on *In re Google* is misplaced because the Federal Circuit's discussion of agency was limited to *Cray*'s first and second factors. The Court held that an employee or agent must be present for a facility to be a regular and established place of business. 949 F.3d at 1344-45. The Court's analysis focused on the venue and service provisions residing in the same statutory section at that time. *See id*. The Court thus noted the two statutes are "expressly linked." *Id*. NavBlazer's misreading of *Google* would suggest a plaintiff could complete service on Motorola by delivering a summons to a CPR location. This plainly is not the case and underscores the importance of why the location must be a place of defendant (and not one of an employee, agent, or other third party).

**Second**, NavBlazer's reliance on a Motorola webpage that refers customers (under warranty and out of warranty alike) to several walk-in repair centers owned and operated by CPR is similarly flawed. While NavBlazer acknowledges that the "representations of the defendant that it has a place of business in the district are relevant to this inquiry," NavBlazer defeats its own argument by also recognizing that the webpage explicitly states that "each repair center is 'independently owned and operated and is not managed by Motorola.'" (Dkt. 32 at 5.) NavBlazer's opposition thus confirms that the repair centers are not places *of Motorola*, but instead the business of CPR. Motorola's

4

representations with respect to these third-party establishments only support venue to the extent Motorola "establish[es] or ratif[ies]" the CPR stores as places of Motorola or otherwise represents "that it has a place of business in the district." *Cray*, 871 F.3d at 1363-64; *see also AptusTech LLC v. Trimfoot Co., LLC*, 2020 WL 1190070, at *4 (E.D. Tex. Mar. 12, 2020) (holding that "store locator" page of defendant's website listing stores that "all have the names of the independent retailers on them" insufficient to establish venue). Indeed, Motorola explicitly represents that it does *not* have a place of business in this District, as recognized and subsequently ignored by NavBlazer.[3] (Dkt. 28-2 ¶¶ 3-5; Dkt. 32 at 5.)

Moreover, upon navigation to the CPR website linked in NavBlazer's Exhibit A, the website identifies several electronic devices CPR repairs while failing to note Motorola directly. (Dkt. 28-2 ¶ 6 (referring to "iPhone Repair," "iPad Repair," "Mac Repair," "Laptop Repair," and "Console Repair").) Further, when a user navigates to the "SmartPhone Repair" category, Motorola is just one of several smartphones that CPR repairs. (Ex. 3 (listing iPhone, Samsung, Nokia, LG, Blackberry, Sony, HTC, Google, and Microsoft repairs) Accepting NavBlazer's theory would mean that these independently-owned and operated CPR repair centers (and similarly situated shops) are somehow the place of business of every one of these device manufacturers. Such a result is nonsensical and highlights why NavBlazer's argument fails. Simply put, Motorola's and CPR's websites illustrate that the repair service is only the business of CPR (not Motorola) and takes place at CPR's establishment (not Motorola's).

***Third***, NavBlazer's analysis is incomplete and avoids several considerations established in Motorola's opening brief. In particular, NavBlazer ignores that *Cray* requires evaluation of several

---

[3] Moreover, the CPR website explicitly states that each individual CPR location is also independently owned and operated, so each store is actually a place of the individual owner – further detaching each establishment from Motorola. (Ex. 3 at 7.)

considerations under the third *Cray* factor. (Dkt. 32 at 4-5; Dkt. 28 at 8.) As discussed above, NavBlazer merely addresses one consideration in its opposition (*i.e.*, relating to representations made on a website). (Dkt. 32 at 4-5.) This is likely because Motorola does not control the independently owned, operated, and managed repair centers; Motorola does not control where such CPR stores are located; and Motorola does not advertise that the CPR stores are Motorola places of business. (Dkt. 28 at 8.) In fact, all remaining considerations support that the CPR stores are not places of Motorola. (*See id.*) NavBlazer similarly ignores that courts routinely hold that separate entities cannot be utilized to establish venue without abandoning corporate separateness. (Dkt. 28 at 8-9.) In fact, courts continually reject the proposition that independent retail stores, distributors, sales representatives, and repair and maintenance centers (even under warranty) are places of a defendant. *See id.*; *see also, e.g., Interactive Toybox, LLC v. Walt Disney Co.*, 2018 WL 5284625, at *3-4 (W.D. Tex. Oct. 24, 2018); *LoganTree LP v. Garmin Int'l, Inc.*, 2017 WL 2842870, at *2 (W.D. Tex. June 22, 2017); *AptusTech*, 2020 WL 1190070, at *5; *EMED Techs. Corp. v. Repro-Med Sys., Inc.*, 2018 WL 2544564, at *2 (E.D. Tex. June 4, 2018); *Zaxcom, Inc. v. Lectrosonics, Inc.*, 2019 WL 418860, at *9 (E.D.N.Y. Feb. 1, 2019).

Thus, the CPR stores are clearly not places of Motorola, and NavBlazer's opposition does nothing to avoid this determination.

### 2. Independent Third-Party Repair Centers Are Not Agents of Motorola That Satisfy A Regular And Established Place Of Business (*Cray* 2)

NavBlazer's argument that a third-party CPR store is a "regular and established place of business" pursuant to the second *Cray* factor is similarly erroneous. As NavBlazer acknowledges, the Federal Circuit emphasized that "a 'regular and established place of business' requires the regular, physical presence *of an employee or other agent of the defendant conducting the defendant's business* at the alleged 'place of business.'" *Google*, 949 F.3d at 1345. CPR employees are not

employees of Motorola as NavBlazer readily agrees. However, Motorola's declarants, and the websites on which NavBlazer relies, clearly establish that CPR is also not an "agent" of Motorola as opposed to an independently owned, operated, and managed facility.[4] NavBlazer claims that Motorola's "admission" that it provides arms-length payments to a third party necessarily results in an "agency" relationship. (Dkt. 32 at 4.) This overreach again highlights where NavBlazer's argument fails. NavBlazer's broad characterization would cover any service or vendor agreement between two parties. This is demonstrably not the law, and NavBlazer has provided no precedent to support this broad assertion.

Moreover, NavBlazer's analysis of *In re Google* is flawed. As detailed in Motorola's opening brief, and ignored in NavBlazer's opposition, the Federal Circuit's reasoning requires that even if the CPR stores are considered "agents" of Motorola (which they are not), such "maintenance activities" by third parties do not constitute a defendant's business as required for venue. *Google*, 949 F.3d at 1347. "The better reading of the statute is that the maintenance activities cannot, standing alone, be considered the conduct of [defendant's] business." *Id.* at 1346. Thus, such repair facilities are also not places conducting the business of Motorola as required by the second *Cray* factor.

### B.  Venue Discovery Is Unwarranted

Motorola respectfully submits that venue discovery is not warranted here. NavBlazer's theory is insufficient as a matter of law, as it fails to satisfy *Cray* Factor 3—a failing that cannot be cured by discovery. As shown above, any discovery would be futile as the available evidence

---

[4] Given that Motorola acknowledges on its website (as confirmed by its declarant) that CPR is independently owned, operated, and managed (Dkt. 28-2 ¶ 6) (and that CPR's individual web pages also confirm each individual store is independently owned and operated (Ex. 3 at 7)), Motorola and the CPR locations also lack the mutual assent for agency required in the Restatement comments relied upon in NavBlazer's opposition. (*See* Dkt. 32 at 4-5.)

7

uniformly shows NavBlazer's argument regarding CPR, a third-party and independent entity, are erroneous, and that venue is improper here.  Nonetheless, if the Court finds that jurisdictional discovery is warranted, Motorola respectfully submits that it be allowed to negotiate any such discovery with NavBlazer, which should be further *limited* to Motorola's relationship with CPR as proposed by NavBlazer.  NavBlazer has already shifted its allegations and theories on venue in its first amended complaint and should not be allowed unbounded discovery where none is warranted.

### III.   CONCLUSION

Because Motorola does not have a "regular and established place of business" in this District under *TC Heartland* and *Cray*, Motorola respectfully requests that the Court dismiss this action for improper venue under Rule 12(b)(3).

| | |
|---|---|
| Dated:  July 28, 2020 | By: */s/  Michael C. Hendershot*<br>       Michael C. Hendershot |

                                                JONES DAY
Tharan Gregory Lanier  (*Admitted pro hac vice*)
CA State Bar No. 138784
E-mail: tglanier@jonesday.com
Michael C. Hendershot  (*Admitted pro hac vice*)
CA State Bar No. 211830
E-mail: mhendershot@jonesday.com
Evan M. McLean  (*Admitted pro hac vice*)
CA State Bar No. 280660
E-mail: emclean@jonesday.com
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:   (650) 739-3939
Facsimile:    (650) 739-3900

Sasha Mayergoyz  (*Admitted pro hac vice*)
IL State Bar No. 6271800
E-mail: smayergoyz@jonesday.com
77 West Wacker, Suite 3500
Chicago, IL  60602
Telephone:   (312) 782-3939
Facsimile:    (312) 782-8585

Emily J. Tait (*Admitted pro hac vice*)
MI State Bar No. P74708
E-mail: etait@jonesday.com
150 West Jefferson, Suite 2100
Detroit, MI  48226
Telephone:   (313) 733-3939
Facsimile:    (313) 230-7997

NAMAN HOWELL SMITH & LEE, PLLC
John P. Palmer
State Bar No. 15430600
400 Austin Avenue, 8th Floor
P.O. Box 1470
Waco, TX 76701
Telephone:   (254) 755-4100
Facsimile:    (254) 754-6331
Email: palmer@namanhowell.com

***Attorneys for Defendant***
***MOTOROLA MOBILITY LLC***

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send a notification of such filing ("NEF") to all counsel of record who have appeared in this case per Local Rule CV-5(b) on July 28, 2020.

                                                   */s/ John P. Palmer*
                                                   John P. Palmer